# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1559V
(not to be published)

| | |
|---|---|
| WILLIAM L. MILLER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kimberly Wilson White*, Wilson Law, PA, Raleigh, NC, for Petitioner.

*Amanda Pasciuto*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 9, 2021, William L. Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") which meets the Table definition for GBS or which, in the alternative, was caused-in-fact by the influenza vaccine he received on January 4, 2020. Petition at 1, ¶¶ 3, 62, 67. On February 10, 2023, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 30.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,869.84 (representing $41,658.50 in fees and $1,211.34 in costs). Petitioner's Application for Attorneys' Fees and Costs, Mar. 8, 2023, ECF No. 34. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 34-1 at 27.

Respondent reacted to the motion on March 8, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at my discretion. Response to Motion at 2-3, 3 n.2, ECF No. 35. On March 8, 2023, Petitioner filed a reply, noting that Respondent raised no specific objection to the request for attorney's fees and costs. ECF No. 36.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 34-1 at 1-14; *see,* e.g., *Kinsey v. Sec'y of Health & Hum. Servs.,* No. 21-2132V, 2023 WL 2469212 (Fed. Cl. Spec. Mstr. Feb. 8, 2023). Petitioner has requested the same hourly rate for 2023 as was routinely awarded in 2022 0 $450. ECF No. 34-1 at 14-15. I find this 2023 hourly rate to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

I note this case required additional briefing regarding the issue of damages. *See* Petitioner's Status Report, filed Apr. 14, 2022, ECF No. 24; Petitioner's Damages Brief, filed June 30, 2022, ECF No. 26; Petitioner's Responsive Damages Brief, filed July 14, 2022, ECF No. 29. Ms. White expended approximately 17.5 hours drafting Petitioner's damages brief (ECF No. 34-1 at 11-12) and 4.5 hours drafting Petitioner's responsive damages brief (*id.* at 13). I find this amount of time to be reasonable, especially given that this case involved a GBS injury.

Petitioner requests $1,211.34 in overall costs. ECF No. 34-1 at 16-26. He has provided receipts for all but expenses of $3.00 for postage and $1.90 for 19 pages of in-house copying costs. *Id.* I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$42,869.84 (representing $41,658.50 in fees and $1,211.34 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.